IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02642-BNB

DONALD CARL MCCRANEY,

Plaintiff,

v.

AURORA POLICE DEPARTMENT,
OFFICER JOHN DOE (1),
OFFICER JOHN DOE (2), and
OFFICER JOHN DOE (3),

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 8 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Donald Carl McCraney, currently is incarcerated at the Arapahoe County Detention Center in Centennial, Colorado. He has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for money damages. He also asserts claims pursuant to 42 U.S.C. § 2000(d) (2003) and 42 U.S.C. § 3789(c) (2003). Mr. McCraney has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. McCraney is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. McCraney will be ordered to file an amended complaint.

Mr. McCraney is suing an improper defendant. He may not sue the Aurora Police Department. The police department is not a separate entity from the City of Aurora and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the police department must be considered as asserted against the City of Aurora.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. McCraney cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. McCraney's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The complaint is vague because Mr. McCraney fails to allege which claims are asserted pursuant to which statute and because he fails to allege sufficient facts in support of his claims. Mr. McCraney alleges that on August 5, 2006, Aurora Police officers arrested him on false charges. In addition, he contends that while he was a pretrial detainee he was not treated for the injuries he received during the arrest. He alleges that his codefendants, who are not

black, were charged with lesser charges or were not charged. On the basis of these allegations, he claims that his due process rights were violated.

The amended complaint Mr. McCraney will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

It is Mr. McCraney's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. McCraney must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the

specific acts of each defendant that allegedly violated his rights. In order for Mr. McCraney "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. McCraney must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. McCraney may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. McCraney uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. McCraney should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. McCraney must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. McCraney should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. McCraney file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. McCraney, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. McCraney submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. McCraney fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction

within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 8, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-02642-BNB

Donald Carl McCraney
Prisoner No. 74347
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155-4918

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 1/08/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk