IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02642-LTB-MEH

DONALD CARL McCRANEY,

    Plaintiff,

v.

THE CITY OF AURORA,

    Defendant.

---

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to this Court's Order to Show Cause for his failure to appear at two scheduled Scheduling/Status Conferences, and for Plaintiff's failure to respond to Defendant's Motion to Dismiss despite this Court's order to do so. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**BACKGROUND**

Plaintiff filed this prisoner action *pro se* on December 19, 2007, and on February 13, 2008, this Court set a scheduling conference for April 11, 2008 [doc. #15]. When Plaintiff failed to appear, the Court reset the conference for May 1, 2008, and directed the Clerk of the Court to mail a copy of the order to Plaintiff's case manager. Docs. #28 and #29. The mail sent by the Court has been since returned as "undeliverable." Docs. #31, #32 and #33.

Thereafter, Plaintiff failed to appear for the rescheduled May 1, 2008 Scheduling/Status Conference. In addition, Defendant filed a Motion to Dismiss on April 8, 2008 in this case; Plaintiff failed to respond to the motion despite this Court's order requiring a response on or before April 28, 2008. *See* doc. #30. Consequently, this Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to prosecute the action. Doc. #35. Plaintiff did not respond.

**DISCUSSION**

The Court was informed by defense counsel that Plaintiff has been released from incarceration; however, Plaintiff has not provided the Court with any updated address and has not contacted either the Court or defense counsel in any capacity. *See* D.C. Colo. LCivR 10.1M (2008) (a party must file with the Court notice of a new address within ten days after a change of address); *see also Thornton v. Estep*, 209 Fed. Appx. 755, *2 (10th Cir. 2006) (affirming dismissal of petition for petitioner's failure to prosecute when petitioner failed to notify court of new address ).

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. In accordance with D.C. Colo. LCivR 7.1C, Plaintiff's response to the Motion to Dismiss in this matter was due to be filed on or before April 28, 2008. As noted previously, no response was filed by the Plaintiff. Additionally, there has been no request

for an extension of time in which to file a response. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Additionally, the Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff has failed to prosecute this case with due diligence by his failures to appear for the Scheduling Conferences in this matter, failure to respond to this Court's order to show cause, and failure to respond to the Defendant's Motion to Dismiss or to properly request an extension of time to respond, if he was unable to timely do so. For these reasons alone, dismissal of this action against the Defendant is warranted.

## CONCLUSION

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I do hereby **recommend** that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action, and deny Defendant's Motion to Dismiss [filed April 8, 2008; doc. #24] as moot.

Dated this 19th day of May, 2008, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge